CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

May 15, 2024
LAURA A. AUSTIN, CLERK
BY:
    /s/T. Taylor
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE  DIVISION

| | | |
|---|---|---|
| **GREGORY TYRONE GARY-BEY,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:24CV00281 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **UNITED STATES FEDERAL** | ) | JUDGE JAMES P. JONES |
| **CORPORATION, ET AL.,** | ) | |
| | ) | |
| Respondents. | ) | |

*Gregory Tyrone Gary-Bey, Pro Se Petitioner.*

The petitioner, proceeding pro se, has filed a pleading titled "In the matter of," citing Virginia criminal cases against him in Henrico County and the City of Richmond, initiated in 2004 and 2005.  Pet. 1, ECF No. 1.  Because the petition apparently challenges the validity of criminal judgments of state courts and seeks release from confinement, this court construed and docketed the submission as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254.  After review of Gary-Bey's submissions, I find that his petition must be summarily dismissed as successive.[1]

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition when it plainly appears from the petitioner's submissions that he is not entitled to relief.

From the face of Gary-Bey's submissions and state and federal court records available online, I will summarize this inmate's criminal record that is at issue in this case.  In June 2005, Gary-Bey entered a conditional plea of guilty in the Henrico County Circuit Court, Virginia, to "one (1) count of first[-]degree murder in the commission of a burglary, one (1) count of use of a firearm in the commission of a felony, and one (1) count of robbery."  *Gary v. Johnson*, Nos. 2:10CV54, 2:10CV123, 2010 WL 11530486, at *1 (E.D. Va. July 15, 2010), *aff'd*, 421 F. App'x 286 (4th Cir. 2011) (unpublished).  In September 2005, the circuit court sentenced him to "a total of 107 years in prison, with fifty-seven (57) years suspended," resulting in a total active sentence of fifty (50) years.  *Id.*  Gary-Bey's direct appeal to the Court of Appeals of Virginia was unsuccessful, and the Supreme Court of Virginia refused his subsequent appeal in September 2006.  Gary-Bey's state habeas proceedings also ended without relief.

In early 2010, Gary-Bey filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Virginia, raising numerous claims of prosecutorial misconduct and ineffective assistance of counsel.  The federal court dismissed the petition as untimely filed under 28 U.S.C. § 2244(d)(1), finding no grounds for tolling of the applicable limitation statute.  The Supreme Court denied certiorari.  566 U.S. 945 (2012).  In April 2015, Gary-Bey filed a second habeas corpus action in the United States

District Court for the Eastern District of Virginia and later amended it in July 2015. The district court dismissed the Amended Petition as successive under 28 U.S.C. § 2244(b) because Gary-Bey did not prove authorization from the court of appeals to file a second § 2254 petition. *Gary-Bey v. Herring*, No. 2:15CV160, 2015 WL 13064930, at *1 (E.D. Va. Dec. 1, 2015) ("In the absence of pre-filing authorization [from the Fourth Circuit], the district court lacks jurisdiction to consider an application containing abusive or repetitive claims, and the application must be dismissed.").[2]

Gary-Bey submitted his current action to this court, signed and dated on April 14, 2024. He titles the pleading "In the Matter of" and then lists his past state criminal convictions from Henrico County and the City of Richmond. A subtitle in the pleading asks for, among other things, a "prisoner release order," and the submission includes a proposed, six-page "Prisoner Release Order." Pet. 2 at 39-44, ECF No. 1. Throughout his submission of over fifty pages plus exhibits and motions, Gary-Bey asserts various conclusory and boilerplate constitutional and procedural issues on which he contends (without any factual support) that his confinement is unlawful: wrongful arrest, no arrest warrant, illegal search and seizure, no evidence that he committed any crime before interrogation without

---

[2]   I have omitted internal quotation marks, alterations, and citations here and throughout this Opinion, unless otherwise noted.

counsel or Miranda warnings, assaulted during questioning, no booking, no immediate arraignment, no indictments, no legal record of charges, the trial courts were without jurisdiction, no fair notice or hearing, no proof of a victim, malicious prosecution, excessive bail and fines, speedy trial violations, no public trial, no impartial jury, no chance to confront accusers or call witnesses, defense attorneys failed to prove his innocence or investigate his alibi, no valid conviction or sentence orders, and improper computation of sentence without any jail credit or good conduct time. Based on this content, the heading of the pleading, and the demand for his release, I have construed and considered Gary-Bey's submission as a Petition for a Writ of Habeas Corpus under § 2254. *United States v. Little*, 392 F.3d 671, 677 (4th Cir. 2004) (observing that pro se pleadings are classified according to their contents rather than their captions).[3]

This court may consider a second or successive § 2254 petition motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. 28 U.S.C.A. § 2244(b). Gary-Bey previously filed a § 2254 petition concerning the same convictions and

---

[3] The parties listed in the heading of the petition are not proper respondents to a § 2254 petition. A petition for a writ of habeas corpus shall allege "the name of the person who has custody over [the petitioner]." 28 U.S.C. § 2242. "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Because I am dismissing the case, however, I will not correct this error at this time.

sentences. *Gary*, 2010 WL 11530486.  Because Gary-Bey offers no indication that he has obtained certification from the court of appeals to file a second or successive § 2254 petition, I must dismiss his current action without prejudice.

Gary-Bey's submission asserts, in conclusory fashion, that he is also attempting to raise claims under 42 U.S.C. § 1983 and a number of other federal statutes, seeking monetary, declaratory, and injunctive relief related to his alleged wrongful conviction and confinement.  He states that an officer assaulted and injured him in 2021 and that he was denied appropriate medical care for his diabetes in some unspecified way at some point during his twenty years of incarceration by unnamed individual staff members.  Gary-Bey lists dozens of state and federal entities and officials, by name or title, and contends that he simply cannot name all of the defendants who have allegedly victimized him through the wrongful convictions, miscalculated sentences, and/or unsatisfactory prison conditions.  The allegations about prison conditions, however, are merely a sidelight, as his submissions primarily focus the force of their flood of words on Gary-Bey's insistence that he was wrongfully convicted and should not be in prison at all.  Moreover, a review of Gary-Bey's past civil rights actions filed in other courts reflects that he has three strikes under 28 U.S.C. § 1915(g), which means that he cannot proceed with any of his civil rights claims in this case unless he shows imminent danger of serious

physical harm or prepays the filing costs for a civil rights action, $402. He has not fulfilled either of these requirements.[4]

Therefore, for the stated reasons, I will summarily dismiss Gary-Bey's current submissions as a successive § 2254 petition. Moreover, as the case itself will be dismissed, I will also deny any motions filed with his petition.

Furthermore, Gary-Bey was well aware from previous dismissal opinions issued by the United States District Court for the Eastern District of Virginia that his petition was successive, and that his civil rights claims are barred under 28 U.S.C. § 1915(g) unless he shows imminent danger of serious physical harm or prepays the filing costs for the case. Yet, he persisted in filing another lengthy, successive petition in this court, attempting to raise habeas and civil rights claims in the same action. Gary-Bey is advised that inmates do not have an absolute and unconditional right of access to the courts to prosecute frivolous, malicious, abusive, or vexatious motions or petitions. *In re Vincent*, 105 F.3d 943 (4th Cir. 1997). When Gary-Bey has been advised in multiple prior court opinions that his habeas claims

---

[4] Under 28 U.S.C. § 1915A(b)(1), I must summarily dismiss claims that are frivolous or malicious or that fail to state a claim upon which relief can be granted. A frivolous claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (interpreting "frivolous" in former version of 28 U.S.C. § 1915(d)). My statutory authority to summarily dismiss frivolous complaints includes "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" or which describe "fantastic or delusional scenarios." *Id.* at 327-28. Gary-Bey's so-called natural person claims fall squarely within this category of frivolousness and are dismissible as such.

are barred as successive and his civil rights claims cannot be prosecuted without payment, his continued pursuit of such civil actions is abusive and without any good faith basis other than to harass.  If Gary-Bey continues to file similar, burdensome, lengthy, and repetitive submissions raising claims that he knows to be without grounds for success, the court will have no alternative but to issue a prefiling injunction against him to protect the court and its ability to function.

A separate Final Order will be entered herewith.

DATED:  May 15, 2024

/s/  JAMES P. JONES
Senior United States District Judge